JAMES S. ROBERTSON ET AL. v. W. T. McAFEE.

(No. 705, Op. Book No. 2, p. 634.)

APPEAL from Rusk County.  Opinion by WINKLER, J.

§ 546. *Jurisdiction of county court.*  This was a suit in the county court by plaintiffs to set aside the allowance and approval of a claim in favor of appellee against the estate of Charlotte Robertson, deceased, for $313.  The court below sustained a plea of the defendant to the jurisdiction of the county court, and this was the only question determined in the court below.  In this the court erred. [Const. art. V, sec. 16.]  The amount in controversy was within the jurisdiction of the court.  After the court had sustained exceptions to the petition, plaintiff offered to file an amendment, setting up the fact that Barton, the administrator, had been removed from the administration, which the court refused to permit.  In view of the fact that the exceptions had been taken by defendant to the administrator's not having been made a party, we are of opinion that the amendment was proper.

December 11, 1880.  Reversed and remanded.

MACK & CO. v. H. JAMES.

(No. 940, Op. Book No. 2, p. 637.)

ERROR from Harrison County.  Opinion by WINKLER, J.

§ 547. *Attachment sued out upon a debt not due.*  A creditor, under the laws in force when these proceedings were had, was not required to wait the maturity of his debt before suing out an attachment to secure him in its payment.  But final judgment could not be rendered until the maturity of the debt. [Pas. Dig. art. 154.]  The affidavit for attachment was sufficient. [Pas. Dig. art. 142, subd. 7.]  An amended petition was filed after the debt became due.  The judgment of the county court sustaining the motion to quash was error.

December 11, 1880.  · Reversed and remanded.